## (March 12, 1984)

■ PETER ARTIM, Respondent, v ANN ARTIM, Appellant. — In a matrimonial action, the defendant wife appeals (1) from an order of the Supreme Court, Queens County (Miller, J.), dated October 3, 1983, which denied her motion to set aside the court's decision after a nonjury trial, dated August 2, 1983, and (2) as limited by her brief, from so much of a judgment of the same court dated December 20, 1983, as (a) granted the plaintiff husband a divorce on the ground of defendant's constructive abandonment and (b) made no award of maintenance or child support. ¶ Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). ¶ Judgment modified by deleting the second and third decretal paragraphs. As so modified, judgment affirmed insofar as appealed from, and matter remitted to the Supreme Court, Queens County, for a hearing, before a different Judge, on the issues of property distribution, maintenance, child support and exclusive possession of the marital home. ¶ Defendant is awarded one bill of costs. ¶ At trial, the Judge limited the parties to the issue of fault yet found that, by failing to present competent evidence of their finances and the valuation of their marital property, the parties waived their rights to equitable distribution. Accordingly, the matter is remitted for a hearing pursuant to part B of section 236 of the Domestic Relations Law. Pursuant to the statutory mandate, the trial court shall set forth the factors it considers and the reasons for its decision (Domestic Relations Law, § 236, part B, subd 5, par g; subd 6, par b; subd 7, par b). Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.